The document below is hereby signed.

Signed: October 5, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
ALENE E. WITCHER,             )   Case No. 13-00614
                              )   (Chapter 7)
          Debtor.             )   Not for publication in
                              )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE OBJECTION TO
THE INTERNAL REVENUE SERVICE'S PROOF OF CLAIM

The debtor, Alene E. Witcher, has objected to the amended proof of claim filed by the Internal Revenue Service, contending that she timely filed her income tax return for the year 2012, and thus is not liable for the penalties assessed with respect to that return.

I

Witcher's income tax return for 2012 was due to be filed by October 15, 2013. She testified that she mailed her income tax return for 2012 to the IRS in a timely fashion. But that return went astray, either in the mail or at the IRS, and the IRS has no record of receiving it. Witcher was aware that her 2012 return reflected that she owed taxes for that year, and after filing the return, she expected to receive notice from the IRS regarding

payment arrangements related to those unpaid taxes. After a few months passed without hearing anything from the IRS, Witcher mailed another copy of the return to the IRS, but the copy she mailed did not bear her original signature. Accordingly, the IRS mailed that copy back to Witcher for her to affix her original signature to it. She affixed her signature to the copy and mailed it back to the IRS. The records of the IRS reflect that the income tax return was received on February 20, 2014. The IRS has no record of receiving a 2012 income tax return for Witcher prior to February 20, 2014.

## II

The general rule is that a return is timely filed only if it is received by the IRS on or before the due date. (However, in certain circumstances, 26 U.S.C. § 7502 provides an exception to the general rule, an issue I will address later in this decision.) Under the general rule, the court cannot find that Witcher timely filed her return because there is no record of the IRS receiving the return on or before the due date. Nevertheless, under the common law "mailbox rule" a document mailed with a proper address and proper postage is presumed to have been delivered within the customary delivery time after being mailed. Thus, if the debtor could show that she mailed the return well in advance of the due date, she might argue that the IRS should be presumed to have timely received the return. Even

under the common law "mailbox rule," the evidence presented here would not establish that the income tax return was actually received by the IRS on or before October 15, 2013. This is because the debtor's evidence does not establish the precise date on which she timely mailed her tax return. If she mailed it on October 15, 2013, there is no way the income tax return was received by the IRS on or before October 15, 2013. Accordingly, it is unnecessary to decide whether I should follow decisions that, based on § 7502, appear to bar use of the common law mailbox rule even when the evidence is that the return was mailed well in advance of the due date such that the IRS should have received the return before the due date.[1]

### III

To address the issue of a tax return mailed on or before the deadline for filing but received by the IRS after the deadline for filing, Congress enacted 26 U.S.C. § 7502, but that statute does not suffice to save the day for Witcher.

#### A.

Section 7502 provides in relevant part:

    (a) General rule.--

---

[1] *See Phila. Marine Trade Ass'n—Int'l Longshoremen's Ass'n Pension Fund v. Comm'r*, 523 F.3d 140, 151 (3d Cir. 2008) (criticizing *Miller v. United States*, 784 F.2d 728 (6th Cir. 1986), and *Deutsch v. Comm'r*, 599 F.2d 44 (2d Cir. 1979), as decisions that "seemingly concluded that § 7502 preempts the common-law mailbox rule even where the taxpayer does not need § 7502's protection.").

>     (1) Date of delivery.--If any return . . . required to be filed . . . on or before a prescribed date under authority of any provision of the internal revenue laws **is**, after . . . such date, **delivered** by United States mail to the agency . . . with which such return . . . is required to be filed . . . the date of the United States postmark stamped on the cover in which such return . . . is mailed shall be deemed to be the date of delivery . . . .
>     (2) Mailing requirements.--This subsection shall apply only if--
>         (A) the postmark date falls within the prescribed period or on or before the prescribed date--
>             (i) for the filing (including any extension granted for such filing) of the return . . .
>         and
>         (B) the return . . . was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency . . . with which the return . . . is required to be filed . . . .
> . . . .
>     (c) Registered and certified mailing; electronic filing.--
>         (1) Registered mail.--For purposes of this section, if any return . . . is sent by United States registered mail--
>             (A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed; and
>             (B) the date of registration shall be deemed the postmark date.
>         (2) Certified mail; electronic filing.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail and electronic filing.

[Emphasis added.] As noted in *Sorrentino v. I.R.S.*, 383 F.3d

4

1187, 1191 n.5 (10th Cir. 2004):

> By its plain language, § 7502(a)(1) applies only when a tax return is in fact delivered to the IRS. *See* 26 C.F.R. § 301.7502-1(e). . . . Section 7502(c)(1) meanwhile provides a taxpayer may produce a dated registered mail receipt to establish a prima facie case of delivery and thus guard against the risk of nondelivery. Similarly, per subsection (c)(2), 26 C.F.R. § 301.7502-1(c)(2) & (d) provide a taxpayer may produce a dated certified or electronic mail receipt to establish such case and guard against such risk.

When Witcher mailed her return on or before October 15, 2013, she neglected to do so by registered or certified mail in order to guard against the risk of nondelivery or any failure of the Postal Service to place a postmark (or to place an accurate postmark) on the envelope.

B.

The regulations provide that the exclusive exceptions to the rule that actual delivery is required are "proof of proper use of registered or certified mail, and proof of proper use of a duly designated [private delivery service]," and that "[n]o other evidence of a postmark or of mailing will be prima facie evidence of delivery or raise a presumption that the document was delivered." 26 C.F.R. § 301.7502-1(e)(2). If that regulation is valid, Witcher is barred from proving up delivery via the common law "mailbox rule."

Although some decisions issued prior to the promulgation of that regulation held that a taxpayer invoking § 7502 could resort to the common law "mailbox rule" as extrinsic evidence showing

5

delivery was made, others held to the contrary.[2] The Secretary's choice of the latter interpretation of the statute is arguably entitled to deference requiring that the regulation be upheld. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."). *See also Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982, 989 (2005) *Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 418 (1992).

C.

If § 301.7502-1(e)(2) is invalid, Witcher nevertheless has not carried her burden of proving that the late filing penalty is erroneous. Even in those circuits in which the mailbox rule may be used to prove actual delivery, a taxpayer's self-serving testimony regarding her return's date of mailing, without any corroborating evidence, is inadequate to prove actual receipt by the IRS. *See Maine Med. Ctr. v. United States*, 675 F.3d 110, 117

---

[2] Some decisions have held that § 7502 supersedes the mailbox rule. *See Miller v. United States*, 784 F.2d 728 (6th Cir. 1986); *Deutsch v. Comm'r*, 599 F.2d 44 (2d Cir. 1979). By contrast, others have held that the mailbox rule still applies and that extrinsic evidence of mailing will create a rebuttable presumption of filing. *See Anderson v. United States*, 966 F.2d 487 (9th Cir. 1992); *Estate of Wood v. Comm'r*, 909 F.2d 1155 (8th Cir. 1990).

(1st Cir. 2012):

> [E]ven if we were to accept the premise that extrinsic evidence is a viable means of proving a postmark for purposes of § 7502, *Wood* and similar cases may be distinguished based on the level of extrinsic proof required. At a minimum, the taxpayers in those cases offered testimony regarding actual mailing and some additional corroborating evidence. *See Lewis*, 144 F.3d at 1223 (taxpayer offered affidavit describing personal memory of actual mailing and also proved that state return, mailed with the federal return, was received one day after the deadline, whereas the federal return was received eleven days after deadline); *Anderson*, 966 F.2d at 489, 491 (taxpayer offered testimony describing her observation of the postal clerk affixing the postmark, corroborated by a friend's testimony that she saw the taxpayer go into the post office and exit without the envelope); *Wood*, 909 F.2d at 1156-57 (taxpayer offered very specific testimony detailing the mailing and observation of the postmark, as well as corroborating testimony from the postal service employee who had a specific memory of the interaction). [The taxpayer] has not come close to presenting the "extraordinarily rare" circumstances that would satisfy the requirements of the statute without providing an actual postmark, even according to the law of the most permissive circuits. *Wood*, 909 F.2d at 1161.

*See also Sorrentino v. IRS*, 383 F.3d at 1191 ("Self-serving declarations of mailing, without more, are insufficient to invoke [a] presumption" that a tax return was received.). Here, there is only the uncorroborated testimony by Witcher that she timely mailed her tax return, which is countered by an IRS record of receipt only of the later re-submission of the return in February 2014. The evidence does not suffice to rebut the prima facie validity under Fed. R. Bankr. P. 3001(f) of the claim's assertion of the late filing penalty.

7

D.

For all of these reasons, § 7502 does not suffice to establish that Witcher filed her return in a timely fashion. The $710.75 late filing penalty must be upheld.

IV

As I noted at the hearing on the objection to claim, the $85.29 penalty under 26 U.S.C. § 6651 for late payment of tax would be barred as a claim by reason of 26 U.S.C. § 6658(a)(2) if it related to a failure to pay the tax *after* the filing of Witcher's bankruptcy petition. However, for periods of failure to pay the tax preceding the commencement of the bankruptcy case, the penalty is not barred by § 6658(a)(2). The penalty was incurred, until the filing of the petition, with respect to failure to pay the tax for each month (or fraction thereof) following the original due date for payment of the tax (April 15, 2013) that Witcher failed to pay the tax. The extension of the time to file the return to October 15, 2013, did not alter the deadline for paying the tax, and thus did not make the penalty inapplicable during the time preceding October 15, 2013. This is because § 6651(a) provides that for failure:

> (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1

> month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate[.]

Here, the $85.29 penalty was the amount incurred with respect to the months (or fraction thereof) after the due date for paying the tax and preceding the filing of Witcher's petition on September 27, 2013, that payment was not made.

V

For all of these reasons, Withcer's objection to the amended proof of claim of the Internal Revenue Service will be overruled. An order follows.

[Signed and dated above.]

Copies to: Debtor by hand-mailing; recipients of e-notification.