**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE                                : 
ALENE E. WITCHER                     :    Chapter 13 Case No. 13-00614
   Debtor

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF §1328(a)**
**CHAPTER 13 DISCHARGE AND REFUND OF OVERPAYMENT**

Comes now Cynthia A. Niklas, Esq., Trustee of the above-captioned matter, and objects to the debtor's Motion filed December 4, 2015 for entry of §1328(a) chapter 13 discharge and refund of overpayment. In support thereof, the Trustee states as follows:

1. Based on timely filed and allowed claims and amendments thereof or pursuant to court order, and plan payments received to date, the debtor's confirmed plan has not been completed and there are no excess funds on hand and the Trustee has accordingly not filed a Final Report and Account.

2. The instant case was *filed under* Chapter 7 on September 27, 2013.

3. On December 3, 2013, this court entered an order denying debtor's discharge based on entry of a discharge on September 24, 2008 in debtor's prior Chapter 7 Case 08-00350 (DC) filed herein on May 28, 2008.

4. After said discharge order was denied on December 3, 2013, said case was converted to Chapter 13 at debtor's request and court order entered January 3, 2014.

5. The plain language of §1328(f) refers to the chapter the case was "filed under" even if the case was later converted. Pursuant to §348(a), the conversion of a case from a case under

one chapter to a case under another chapter does not affect a change in the date of the filing of the petition. Pursuant to §348(a), neither the date of the filing of the petition nor the date of the commencement of the case nor the date of the order for relief are in any way affected by said conversion order.

6. Although §348(a) creates an order for relief under the converted chapter, the effect of a conversion is limited under §348(a) and does not change chapter the case "was filed under". Therefore, a new order for relief under §348(a) to one under the converted chapter does not affect the original petition date or the chapter under which the original petition was filed. Therefore conversion does not alter the fact that the debtor's instant case was initially filed under chapter 7 and not under chapter 13. _In re Wilkinson_, 507 B.R. 742 (Bankr. D. Kan. April 4, 2014), _In re Chapman_, 447 B.R. 250 (B.A.P. 8th Cir. 2011), _In re Hamilton_, 383 B.R. 469 (Bankr. W.D. Ark. March 13, 2008), _Resendez v. Lindquist_, 691 F.2d 397 (8th Cir. 1982).

7. Finally, the Trustee further objects to the debtor's request, as untimely, in regard to refund of overpayment. Based on timely filed and allowed claims, to date, and amendments thereof, and applicable court orders, the debtor's plan filed February 24, 2014 confirmed February 26, 2014 has not been completed to date and when completed, any and all excess funds will be returned to the debtor.

Therefore, the Trustee accordingly requests that the debtor's Motion filed December 4, 2015 for entry of §1328(a) chapter 13 discharge and refund of over payment be denied.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas #193367
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

## Certificate of Service

I hereby certify that on December 29, 2015, a copy of the foregoing Trustee's Objection, was mailed, postage prepaid, to:

Alene E. Witcher
800 Southern Avenue SE #926
Washington, DC  20032

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas