The document below is hereby signed.

Signed: September 19, 2018

*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
ALENE E. WITCHER,               )   Case No. 13-00614
                                )   (Chapter 13)
          Debtor.               )
                                )   Not for Publication in
                                )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S MOTION FOR SANCTIONS

The debtor filed a motion seeking sanctions against the District of Columbia for violating the discharge injunction by collecting income taxes for the 2014 tax year. For the following reasons, the motion will be denied.

I

The debtor initiated the above captioned case by filing a voluntary petition in chapter 7 on September 27, 2013. The case was converted to chapter 13 on January 3, 2014. The District of Columbia filed a proof of claim on May 27, 2015, which included income taxes for the 2014 tax year. The debtor filed an amended chapter 13 plan on February 24, 2014, which was confirmed on February 26, 2014. The debtor completed making plan payments

sometime around April 12, 2017, and was granted a discharge on June 22, 2017. On April 11, 2018, the District mailed a *Statement of Account* informing the debtor that she still owed the District $2,496.73 in tax liabilities. The form submitted to the court does not show how the District calculated that amount, or which tax periods the District is seeking to collect on. On August 29, 2018, the debtor filed her motion seeking sanctions against the District for collecting on taxes for the 2014 tax year.

                                II

11 U.S.C. § 1328(a) provides:

> the court shall grant the debtor a discharge of all debts provided for by the plan, except any debt--
>
> (1) provided for under section 1322(b)(5);
> (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);
> (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

The type of debt in § 507(a)(8)(C) is "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

The debtor contends that because the District filed a proof of claim including income taxes for the 2014 tax year, the debtor

2

has been discharged from such tax liabilities and the District is violating the discharge injunction by collecting on those taxes. First, the debtor has not provided any proof that the District is collecting taxes for the 2014 tax year.  The only document the debtor has provided shows the District has calculated a tax liability of $2,496.73, but does not show how that amount was calculated, or which tax years the District is seeking to collect on.  Accordingly, the debtor has not shown that the District is violating the discharge injunction.

However, even if the District is collecting on income taxes for the 2014 tax year, such taxes are exempted from discharge under § 1328(a)(2).  Accordingly, the District would not be violating the discharge injunction for collecting income taxes for the 2014 tax year, because the injunction does not extend to this debt.

                                III

For the afore said reasons, it is

ORDERED that the debtor's motion seeking sanctions against the District of Columbia for violation of the discharge injunction is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; e-recipients of orders.

3